IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lawrence Terry, | C/A No. 3:25-13485-JFA-PJG |
| Plaintiff, | |
| v. | |
| Jim Hudson Buick Cadillac GMC, Inc., | **ORDER** |
| Defendant. | |

## I.    INTRODUCTION

Plaintiff Lawrence Terry, proceeding pro se, filed this civil action alleging various state and federal claims against the Defendant. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Accordingly, the Magistrate Judge reviewed Plaintiff's complaint and then prepared a thorough Report and Recommendation ("Report"). (ECF No. 16). Within the Report, the Magistrate Judge opines that this action is subject to summary dismissal. *Id.* The Report sets forth, in detail, the relevant facts and standards of

1

law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff filed objections to the Report on March 16, 2026 (ECF No. 21). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report

thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and, therefore, a full recitation is unnecessary here. (ECF No. 16). Briefly, Plaintiff alleges that Defendant provided false service information on an invoice to Plaintiff's insurer and that Plaintiff's insurer denied Plaintiff's claim. Plaintiff alleges that Defendant's actions left him with a mostly inoperable car. In response to the Report, Plaintiff enumerated nine separate objections. (ECF No. 21). Each is addressed below.

Within his first objection, Plaintiff argues that the Report materially mischaracterizes Plaintiff's claims. Plaintiff avers that his claims included allegations that

3

Defendant issued conflicting and misleading invoices which resulted in the denial of Plaintiff's insurance claim. Even if this court were to accept Plaintiff's new characterization of his claims and take them as true, he would still fail to state a claim for ADA relief. Plaintiff has failed to offer or allege any facts indicating that the Defendant discriminated against him or performed adverse actions because of his disability. Plaintiff's broad allegations that he suffered from cognitive impairment and Defendant did not aid him in rectifying an alleged insurance dispute he had with his carrier fail to aver the causal link needed to support an ADA claim. Accordingly, the Report correctly determined that Plaintiff failed to present an ADA claim and his objection is overruled.

Plaintiff's second objection states that the Report fails to properly account for the complaint's attached exhibits. Specifically, Plaintiff avers he submitted inflated and misleading invoices which support his claims. As stated above, even accepting Plaintiff's allegations and exhibits as true, Plaintiff has still failed to properly allege an ADA claim because he has failed to show Defendant acted with any discriminatory intent. Accordingly, this objection is overruled.

Next, Plaintiff claims that he "pled a specific, practical, and reasonable accommodation request." (ECF No. 21, p. 4). Here, Plaintiff claims that Defendant should have called his insurer to explain repair invoices. Again, Plaintiff has failed to show that Defendant acted with discriminatory intent. Moreover, it appears that Defendant was hired to provide a loaner vehicle and perform repairs on Plaintiff's vehicle. Plaintiff's request that Defendant also act as his advocate and contact his insurer to justify coverage is not a reasonable modification. In fact, it does not appear to be a modification at all. Instead,

Plaintiff requested Defendant perform a service over and above that which it was originally contracted to perform. Plaintiff's request was a fundamental alteration of the original agreement between the parties. Accordingly, even accepting Plaintiff's reframed ADA claim and supporting allegations as true, Plaintiff has still failed to state a claim for ADA discrimination. Moreover, it should be noted that "Title III of the ADA . . . provides a private right of action for injunctive relief but no right of action for monetary relief." *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 638 (4th Cir. 2016); 42 U.S.C. § 12188.  The court can discern no relief, other than monetary relief, which Plaintiff requested or could glean from asserting his claim that Defendant contributed to the denial of his insurance coverage. Plaintiff's claims would thus be subject to dismissal on this ground even if he were to otherwise allege ADA discrimination.

Plaintiff's fourth objection states that the Report improperly treats the medication issue as a neutral safety decision. Plaintiff takes issue with Defendant's policy that a loaner car may not be utilized if the driver takes medications which may cause drowsiness. Plaintiff reasons that a blanket policy prohibiting use of a loaner while on such medications violated Title III because it fails to utilize an individualized assessment. Plaintiff's objection is meritless. As the Report noted, the requirement of a car dealer to prohibit use of a loaner vehicle by those on certain medications is reasonable. Defendant's request that this policy be changed is not a reasonable modification on its face. Plaintiff's assertions to the contrary are baseless and the objection is overruled.

Plaintiff next claims the Defendant's actions were internally contradictory. Plaintiff claims that the denial of a loaner vehicle is inconsistent with the return of Plaintiff's vehicle

5

in an unsafe condition. Plaintiff fails to offer any support for such a baseless assertion. The denial of a loaner vehicle based on medication usage has no relation to the physical condition of Plaintiff's personal vehicle. Accordingly, Plaintiff has failed to show how any such inconsistency supports his claims.

Within the sixth objection, Plaintiff states that he plausibly alleged deceptive and misleading conduct toward his insurer USAA. Plaintiff claims Defendant utilized inaccurate invoices which supports his "claims sounding in fraud, negligent misrepresentation, negligence, and reckless disregard." (ECF No. 21, p. 6). Plaintiff may be correct. However, each of these claims are state law claims. As noted in the Report, the Magistrate Judge declined to address any state law claims after the federal claims were dismissed. (ECF No. 16, p. 6)("Because the court recommends summary dismissal of Plaintiff's federal causes of action, it recommends dismissal of his state law causes of action pursuant to 28 U.S.C. § 1367(c)"). Accordingly, Plaintiff's objection as to the substance of his state law claims is irrelevant and overruled.

Plaintiff next claims that his "TBI is central to the claims." (ECF No. 21, p. 7). Plaintiff claims that his prior injury is central to his claims because it caused the disability which Defendant refused to accommodate. As stated above, the Report recommended dismissal of Plaintiff's claims even after assuming he was considered disabled under the ADA. Accordingly, Plaintiff's objection points to no error in the report.

Plaintiff's eighth objection claims that his Retaliation/Adverse Action theory was construed too narrowly. This objection is merely a repackaging of the objections discussed above. Thus, this objection likewise fails.

Plaintiff's final objection avers that his state-law claims should not have been dismissed at screening. Plaintiff argues that even if the court had concerns about his ADA theories, his complaint plausibly supported state law claims such as negligence, fraud, and outrageous conduct. As stated above, Plaintiff may be correct. However, the Report did not address the merits of Plaintiff's state law claims but rather suggested dismissal for lack of jurisdiction once his federal claims were dismissed. Accordingly, Plaintiff's objection shows no error in the Report and is thus overruled.

Plaintiff alternatively requests leave to amend his complaint. Plaintiff offers no proposed amendments and fails to explain how any amendment would alter the Report's conclusions. Accordingly, any such request to amend is denied.

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 16). For the reasons discussed above and in the Report, the complaint is summarily dismissed without prejudice and without issuance and service of process and Plaintiff's motion for temporary restraining order (ECF No. 12) is denied. Any other pending motion is terminated as moot.

IT IS SO ORDERED.

April 10, 2026                          Joseph F. Anderson, Jr.
Columbia, South Carolina                United States District Judge

7